UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-153

JOSEPH and JANET DOOLEY                                                         PLAINTIFFS

V.

KEVIN BYARS, et al.                                                             DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiff's motion for leave to amend their complaint (DN 12). Defendants Kevin Byars, Jon Haden, Michael Wray, Kevin Mighell, and Samantha Mighell have responded (DN 15). Defendant Scott Robbins has not responded within the time allowed. Plaintiffs have replied (DN 19). This matter is now ripe for adjudication.[1] For the following reasons, Plaintiffs' motion (DN 12) is GRANTED.

**BACKGROUND**

Plaintiffs, Joseph and Janet Dooley, operate a hotel facility located in Marshall County, Kentucky. Beginning on May 1, 2010, Plaintiffs provided hotel services to employees of the Shaw Company who were working at the Honeywell plant located in Metropolis, Illinois. These employees were replacement workers for members of union Local 7-669 United Steel Workers of Metropolis, Illinois, who had been locked out by their employer. Plaintiffs allege that in August of 2010, they were the subjects of an undercover investigation conducted without probable cause and motivated by their provision of hotel facilities to the Shaw Company replacement workers. Plaintiffs further allege that an affidavit for a seizure warrant prepared by Defendant Kevin Mighell included false information, concealed certain information, and did not

---

[1] There are also several other pending motions that are related to, or will be affected by, this motion, including a motion to dismiss and a renewed motion to dismiss (DN 6 and DN 14), and Plaintiffs' motion for an extension to respond to the motion to dismiss (DN 10).

establish probable cause to believe that Plaintiffs had committed any crime.[2]  In September of 2010, Plaintiffs were charged in Marshall County District Court with the illegal sale/give of alcohol in a dry territory, a violation of KRS § 242.230(1), a Class B misdemeanor.

Plaintiffs filed their *pro se* complaint on September 9, 2011.  In their complaint, Plaintiffs asserted claims against the Sheriffs and Sheriff Deputies of Marshall and McCracken Counties, and the Special Prosecutor of Marshall County, for violations of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment.  The Sheriff Defendants (Kevin Byars, Jon Hayden, Kevin Mighell, Samantha Mighell, and Michael Wray) answered Plaintiffs' complaint on September 29, 2011.  Defendant Scott Robbins, the Special Prosecutor to Marshall County and County Attorney of Graves County,  filed a motion to dismiss Plaintiffs' claims against him on October 12, 2011 (DN 6).[3]  Plaintiffs have not responded to this motion to dismiss and have moved for an extension of time in which to respond to the motion (DN 10).

Plaintiffs obtained counsel on November 18, 2011 and now move for leave of the Court to file an amended complaint in order to clarify both the subject matter of the lawsuit and the issues presented.  After Plaintiffs' filed their motion to amend the complaint, Defendant Robbins filed a renewed motion to dismiss on December 27, 2011 (DN 14).  Although Defendant Robbins does not specifically state that his renewed motion to dismiss was filed in response to Plaintiffs' amended complaint, that does appear to be the case as it refers to facts only alleged in

---

[2] According to Defendant Robbins's motion to dismiss (DN 6), the Sheriff's Office confiscated the alcohol and approximately $7,500.

[3] In that motion to dismiss, Defendant Robbins argues that the claims against him should be dismissed under the doctrines of sovereign and absolute immunity.  Defendant Robbins further argues that the Plaintiffs failed to state a claim because Plaintiffs' complaint made no specific allegations that Robbins took any actions that violated Plaintiffs' rights and because claims against him in his official capacity are barred under the 11th Amendment.  Finally, Defendant Robbins argues that he was not properly served.  Plaintiffs have not responded to this motion to dismiss and have moved for an extension of time to respond to this motion to dismiss (DN 10).

the amended complaint. Plaintiffs have not responded to the renewed motion to dismiss. By order dated January 25, 2012, this Court granted Plaintiffs an extension to respond to Defendant Robbins's renewed motion to dismiss until 21 days after the Court rules on Plaintiffs' motion for leave to amend the complaint.

## STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

## ANALYSIS

The Sheriff Defendants oppose Plaintiffs' motion for leave to file an amended complaint because the amended complaint adds a claim against the defendants for violating Plaintiffs' First Amendment right to associate with persons with anti-union views. Plaintiffs' amended complaint also provides detail regarding Defendant Robbin's conduct, which Plaintiffs assert violated their First Amendment rights and the Excessive Fines Clause of the Eighth and Fourteenth Amendments.

These additional claims arise out of the same conduct, transaction, or occurrence set out in the original complaint. For this reason, the amendment relates back to the date of the original pleading. See Fed. R. Civ. P. 15(c)(1)(B). Therefore, this is not a sufficient reason to deny Plaintiffs leave to file their amended complaint. Additionally, the Court finds that there has been no undue delay in filing the amended complaint, no bad faith or dilatory motive by the moving party, no repeated failure to cure deficiencies by amendments previously allowed, and no undue prejudice to the defendants. Accordingly, Plaintiffs will be allowed to file the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to file an amended complaint (DN 12) is GRANTED.

IT IS FURTHER ORDERED that:

(1) Defendant Robbins's motion to dismiss (DN 6) is now MOOT.

(2) Plaintiffs' motion for an extension of time to file a response to Defendant Robbins's motion to dismiss (DN 10) is now MOOT.

(3) Because Defendant Robbins's renewed motion to dismiss (DN 14) was filed before this Court granted Plaintiffs' motion for leave to file an amended complaint, that motion is DENIED with leave to re-file.